IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GERALD MONTGOMERY, §
         Petitioner, §
 §
v. § Civil Action No. 4:20-CV-1266-O
 §
BOBBY LUMPKIN, Director, TDCJ-CID, §
         Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Gerald Montgomery, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

In 2017 Petitioner was indicted in Tarrant County, Texas, Case No. 1492285D, for aggravated sexual assault with a deadly weapon, a fuel- or gas-soaked cloth. Clerk's R. 6, ECF No. 16-2. The indictment also included a repeat offender notice, alleging a prior felony conviction for aggravated robbery with a deadly weapon. *Id.*

The appellate court summarized the factual background of the case as follows:

    The complainant in this case, E.F., testified at trial. On March 16, 2017, E.F. was living in a group home in Fort Worth and would walk twice daily for exercise. During her morning walk on March 16, 2017, Montgomery, a person unknown to E.F., called to her and said that he wanted to speak to her. E.F. and Montgomery discussed drugs, and E.F. agreed to return later if possible.

    E.F. met with Montgomery that same morning, and they eventually smoked methamphetamine. Montgomery expressed his interest in E.F., and she told him that she did not want to have sex with him. Montgomery went in and out of the bathroom

several times, and when he last exited the bathroom, he placed E.F. in a headlock, and put a chemical- or gasoline-laden rag in her mouth and over her face.

E.F. struggled and attempted to pull away while Montgomery said, "Breathe it in." E.F. was attempting to not breathe due to her concerns that "this was a do or die kind of situation" and that Montgomery was wanting her to breathe in so that she would either die or pass out. E.F.'s body went numb. Montgomery laid E.F. down, put a condom on his penis, pulled down E.F.'s pants, and placed his penis into E.F.'s vagina. Before he "finished," Montgomery commented, "This is not working for me," and he returned to the bathroom. During this interlude, E.F. began to regain the feeling in her legs and realized that Montgomery was mixing chemicals again or "doing something." E.F. testified that she was worried and realized that he was "going to come back and finish me off . . . . So either I was supposed to be passed out and [let] him finish that way[,] or I was supposed to be dead and let him finish that way." While Montgomery was distracted in the bathroom, E.F. was able to get up and escape.

E.F. approached a neighbor at the corner, told her that she had been sexually assaulted, and used her phone to call 911. After police arrived, E.F. rode in the police car and directed police to the house where she had been sexually assaulted. Police found Montgomery hiding in a bedroom closet inside the house. E.F. testified that she did not consent to sex with Montgomery and identified Montgomery as the person who sexually assaulted her.

A penile swab obtained from Montgomery on March 16, 2017, was tested and showed a mixture originating from and including the DNA profiles of E.F. and Montgomery. Gasoline was identified on a blanket that had been submitted for testing.

Mem. Op. 2–3, ECF No. 16-12.

Based on the evidence, a jury found Petitioner guilty of the lesser included offense of sexual assault, Petitioner pleaded true to the repeat offender notice, and the jury assessed his punishment at 40 years' confinement. Clerk's R. 107, 121, ECF No. 16-2. Petitioner's conviction was affirmed on appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. Electronic R., ECF No. 16-1. Petitioner also filed two state habeas-corpus applications challenging his conviction. The first was denied by the Texas Court of Criminal Appeals without written order

on the findings of the trial court and the court's independent review of the record. Action Taken, ECF No. 16-17. The second was dismissed by the Texas Court of Criminal Appeals as a subsequent application under article 11.07, § 4(a)-(c) of the Texas Code of Criminal Procedure. This federal petition for habeas-corpus relief followed.

## II. ISSUES

In two grounds, Petitioner claims that (1) the DNA evidence was erroneously admitted in violation of the Fourth Amendment and (2) he was denied effective assistance of trial counsel because of counsel's failure to object to the "inadmissible female d.n.a. originating from" the victim. Pet. 6, ECF No. 3.

## III. RULE 5 STATEMENT

Respondent believes that the petition is neither barred by the statute of limitations nor subject to the successive-petition bar and that Petitioner has exhausted his state-court remedies as to the claims raised. Resp't's Answer 6–7, ECF No. 17.

## IV. DISCUSSION

### A. Standard of Review

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation

of claims already rejected in state proceedings." *Richter,* 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke,* 356 F. 3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002). It is the petitioner's burden to rebut the presumption of correctness through clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Furthermore, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* --- U.S. ---, 138 S. Ct. 1188, 1191-92 (2018).

**B. Fourth Amendment Claim**

Under his first ground, Petitioner claims that the DNA evidence was erroneously admitted in violation of the Fourth Amendment because (all spelling, grammatical, and/or punctuation errors are in the original)

4

> [f]emale d.n.a. was procured from searching [Petitioner]'s person. The warrant explicitly described [Petitioner]'s D.N.A. as evidence located on the person to be searched. The search for [E.F.]'s D.N.A. with the search warrant discribing [Petitioner]'s violates the manifest and central purpose of the 4th amendment's particularity requirement.

Pet. 6, ECF No. 3. In short, he asserts that the "obtaining via search and seizure of [complainant's] dna with a warrant describing [Petitioner]'s dna constitutes the seizure of one thing under a warrant describing another, a violation of the Fourth Amendment." *Id.* at 13. Trial counsel objected to admission of the DNA results at trial on the basis that the search warrant affidavit did not request a search warrant for a penile swab, only a buccal swab. SHR01 53, ECF No. 16-19. The trial court denied Petitioner's motion to suppress on that basis. Appellate counsel also raised the same claim on appeal, to no avail.

Petitioner raised his specific Fourth Amendment claim in the context of an ineffective-assistance-of-counsel claim in his first state habeas application, which was denied, and as a free-standing claim in his second state application, which was dismissed as a subsequent petition. SHR01[1] 16–17 , ECF No. 16-19; SHR02 17–18, ECF No. 16-21. In the first proceeding, the state habeas court found that counsel's decision to move to suppress the DNA results on the basis that the search warrant affidavit only referenced a buccal swab was the result of reasonable trial strategy; that was no evidence that counsel's representation fell below an objective standard of reasonableness; and that there was no reasonable likelihood that the outcome of the proceeding would have been different but for the alleged misconduct by counsel. *Id.* at 101. Based on those findings, and applying the *Strickland* standard, the state court concluded that counsel's choice of argument regarding the

---

[1]"SHR01" and "SHR02" refer to the record in Petitioner's state habeas proceedings in WR-91,226-01 and -02, respectively.

DNA results was the result of reasonable trial strategy; that Petitioner failed to prove that counsel's representation fell below an objective standard of reasonableness; and that Petitioner failed to show that a reasonable likelihood existed that the outcome of his trial would have been different had counsel objected to the DNA results from the penile swab *"on a different legal basis." Id.* at 106–07 (emphasis added). In turn, the Texas Court of Criminal Appeals denied relief based on the trial court's findings. Thus, arguably, the claim was fully considered and rejected by the state courts. In any event, Petitioner clearly had the opportunity, whether he acted upon it or not, for full and fair litigation of his Fourth Amendment claim in state court. Therefore, the claim is foreclosed from federal habeas review under *Stone v. Powell,* 428 U.S. 465, 494 (1976). *See Williams v. Brown,* 609 F.2d 216, 218 (5th Cir. 1980).

### C. Ineffective Assistance and Denial of Counsel

Under his second ground, Petitioner claims that trial counsel was ineffective by failing to object to admission of the DNA results on the basis that the warrant did not specify the female DNA of the victim as an item to be seized. A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective-assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. To establish ineffective assistance of counsel under this standard, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

6

In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial or appellate strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective-assistance-of-counsel claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the *Strickland* standard in light of the state-court record. *Richter,* 562 U.S. at 100-01 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Thus, a federal court's review of state-court decisions regarding ineffective assistance of counsel must be "doubly deferential" so as to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow,* 571 U.S. 12, 15 (2013) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011)).

As previously noted, the state habeas court determined that Petitioner failed to satisfy either prong of the *Strickland* standard as to his ineffective-assistance claim, impliedly, by failing to show that the warrant was required to define the female DNA of the victim as an item to be seized. Petitioner presents no clear and convincing evidence or legal basis to rebut the state court's express and implied factual findings; thus, deferring to those findings, the state court's adjudication of the claim was not an unreasonable application of *Strickland.*

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Reasonable specificity is required, not "elaborate detail." *United States v. Hill*, 19 F.3d 984, 987 (5th Cir. 1994). A search warrant is proper

if its description of the evidence to be seized is "described with sufficient particularity so as to leave nothing to the discretion of the officer executing the warrant." *United States v. Allen,* 625 F.3d 830, 835 (5th Cir. 2010). In this case, the warrant authorized the seizure of "buccal swabs/penile swabs of [Petitioner's] DNA." Reporter's R., vol. 6, 91, ECF No. 16-8. Thus, it was sufficiently particularized to survive Fourth Amendment scrutiny. Because there was no Fourth Amendment violation with respect to the DNA evidence, it could be maintained and used by law enforcement without further constitutional restriction in the investigation of the offense. *See United States v. Robinette,* No. 13-CR-0003-AWI-BAM, 2013 WL 211112, at *9–10 (E.D. Cal. Jan. 18, 2013).

Moreover, as noted by the state court, Petitioner cannot establish prejudice. Under Texas law, a victim's testimony, standing alone, is sufficient to support a conviction for sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.01 (West, Westlaw through 2021 Legis. Sess.). Thus, even without the DNA evidence, and notwithstanding the victim's mental illnesses, the jury could have convicted Petitioner on her testimony alone.

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 14th day of May, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE